UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>     Plaintiff,<br><br>   v.<br><br>NEEL H. KACHALIA; COLUMBIA UNIVERSITY,<br><br>     Defendants. | 23-CV-10395 (DEH)<br><br>**ORDER OF SERVICE** |

DALE E. HO, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under Title IX of the Education Amendments of 1972 and state law. He also invokes the New York Adult Survivors Act. Plaintiff asserts claims arising from an alleged sexual assault that occurred while he was a student at Columbia University ("Columbia"). Plaintiff also submits a "Motion to Proceed Pseudonymously." (ECF No. 4.) By order dated December 5, 2023, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court (1) grants Plaintiff's motion to proceed under the pseudonym "John Doe"; (2) directs the Clerk of Court to seal the complaint; (3) directs service on the Trustees of Columbia University in the City of New York[1]; and (4) directs Plaintiff to provide a service address for Kachalia.

---

[1] Columbia University is officially incorporated under the name "The Trustees of Columbia University in the City of New York." *See Doe v. Columbia Univ.*, No. 1:19-CV-11328, 21, at 1 n.1 (S.D.N.Y. Jan. 22, 2020).

**DISCUSSION**

**A.     Proceeding Under a Pseudonym and Under Seal**

Plaintiff, who identifies himself as an "openly gay African-American male," seeks to proceed under a pseudonym in this action, asserting that the complaint "includes sensitive health information regarding a sexual assault, and medical and psychiatric treatment for these assaults, which could have deleterious consequences if this information became public record." (ECF No. 4, at 1.)

On the same day Plaintiff commenced this action, he also filed a second related action against Columbia University, asserting claims of physical and sexual assaults. *See Doe v. Columbia Univ.*, No. 23-CV-10393 (DEH) (S.D.N.Y. filed Nov. 24, 2023) ("*Doe I*"). Plaintiff also submitted a motion in *Doe I* to proceed under the pseudonym "John Doe." On December 5, 2023, the Court determined in *Doe I* that the privacy right at issue and the potential harm that may result if Plaintiff's complaint is available for public view outweighs the presumption in favor of openness in judicial proceedings and public access. *Doe I*, No. 1:23-CV-10393, 6 at 2. The Court granted Plaintiff's motion to proceed as John Doe in that action and directed the Clerk of Court to seal the complaint.

The Court finds that the same consideration should be given to Plaintiff's motion and the complaint in this case. Plaintiff has demonstrated that a substantial privacy right is at issue outweighing the customary presumption of openness in judicial proceedings and public access to documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008) (The requirement to include the names of all parties "serves the vital purpose of facilitating public scrutiny of judicial

proceedings and therefore cannot be set aside lightly."). The Court therefore grants Plaintiff's motion to proceed as John Doe and directs the Clerk of Court to seal the complaint.[2]

**B.     Service on Columbia**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Columbia through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Columbia.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[2] The Clerk of Court, as a precaution pending the Court's ruling on Plaintiff's motion to proceed under a pseudonym, has limited electronic docket access to Plaintiff's complaint to "court users and case participants."

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.      Service address for Kachalia**

Plaintiff has not provided an address at which Defendant Kachalia may be served. The Court therefore directs Plaintiff, within 30 days, to provide the Court with an address where this defendant may be served. Upon receipt of that information, the Court will direct the issuance of a summons and service by the Marshals Service.

## CONCLUSION

The Court grants Plaintiff's motion to proceed pseudonymously (ECF No. 4) as John Doe. The Court further directs the Clerk of Court to place the complaint under seal. The Clerk of Court is respectfully requested to terminate ECF No. 4.

The Clerk of Court is also instructed to issue a summons, complete the USM-285 forms with the address for Trustees of Columbia University in the City of New York, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court directs Plaintiff, within 30 days, to provide the address where Defendant Kachalia may be served. If Plaintiff fails to comply with this order within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss his claims against Defendant Kachalia without prejudice.

The Clerk of Court is also directed to mail Plaintiff an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 6, 2023
          New York, New York

_____
DALE E. HO
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Trustees of Columbia University in the City of New York
Office of the General Counsel
Columbia University
412 Low Memorial Library
535 West 116th Street
New York, NY 10027