

*In light of the Court's dismissal of this action, see ECF No. 29, these requests are denied as moot.*

*SO ORDERED.*

United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

*Dale E. Ho
United States District Judge
Dated: September 12, 2024
New York, New York*

Case No. 23-cv-10395 (DEH)

Re: Columbia University and Ms. Tenzer's Material Misrepresentations to the Court

Dear Judge Ho,

I write to bring to the Court's attention a serious matter concerning material misrepresentations made by Columbia University and its counsel, Ms. Tenzer, in their opposition to my motion for a preliminary injunction. Additionally, I request a Rule 26(f) conference to discuss the discovery plan and other critical aspects of the case.

### I. Columbia's Misrepresentations and Bad Faith

Columbia's Opposition Letter asserts that Mr. Neel Kachalia, the individual I accused of sexual assault, is not a current student and has no affiliation with Columbia University. This is demonstrably false. **Mr. Kachalia is currently pursuing a degree at Columbia University,** specifically a second bachelor's degree at the School of General Studies, with an expected graduation date of early 2025. He has an active columbia.edu email address and is registered as a student on Columbia's Morningside campus. This information directly contradicts Columbia's representations to the Court and is material to my case. Specifically, Columbia's misrepresentation is evident in the following misrepresentation to the Court from their Opposition Letter:

- "While Plaintiff discusses how he interviews Columbia applicants and wishes to attend alumni reunions "without fear," Letter at 1-2, he does not explain how his ability to engage in those activities would be harmed without Columbia immediately investigating his report of a 2014 assault ***by a former, non-degree seeking student who is not an alumnus or member of Plaintiff's graduating class.***" (Opposition Letter at 3, emphasis added).

**These statements are blatantly false and misleading.** Mr. Kachalia is not a "former" student; **he is currently enrolled** and **actively present on Columbia's campus.** Furthermore, he is both an alumnus of the business school and currently pursuing a degree at Columbia (see **EXHIBIT 1**).

### II. Contradictions in Columbia's Statements

In private correspondence, Ms. Tenzer, on behalf of Columbia's Gender-Based Misconduct Office, informed me that Mr. Kachalia does not meet the Policy's definition of an active alumnus because he is neither a current student nor an active alumnus with an intention to participate in alumni activities (Attached Letter from G. Tenzer, **EXHIBIT 2**). However, this contradicts the fact that Mr. Kachalia is indeed an active alumnus, as evidenced by his registration for and

attendance at a Columbia Business School Alumni Club of New York event on June 13, 2024 during my alma mater's 2024 alumni reunion (**EXHIBIT 3**). This event participation clearly indicates his active involvement in alumni activities, which directly contradicts Ms. Tenzer's assertions to the Court. Here are the exact quotations from both the private letter and the Opposition Letter, highlighting the misrepresentations and contradictions:

1. **Private Letter**:
    - "Although the Interim Title IX Policy applies in some circumstances to gender-based misconduct that affects active alumni, the Policy gives the Office authority to engage the disciplinary process to address such conduct only when alleged respondents are also current students or active alumni. Because Mr. Kachalia is neither a current student nor an active alumnus, your report does not fall within the Policy, and the disciplinary process will not be engaged by the Office in connection with your report." (Attached Letter from G. Tenzer)
    - "As explained in more detail below, although you assert that you meet the Policy's definition of an active alum—that is, a graduate of a Columbia undergraduate or graduate degree-granting program (non-certificate program) with an intent to participate in one or more of Columbia's alumni-specific groups or associations, or a person who graduated from a Columbia undergraduate or graduate degree-granting program within the six months prior to reporting—Mr. Kachalia does not meet the Policy's definition of an active alum, nor is he a current student." (Attached Letter from G. Tenzer)
2. **Opposition Letter**:
    - "Plaintiff's ability to engage in those activities would be harmed without Columbia immediately investigating his report of a 2014 assault by a former, non-degree seeking student who is not an alumnus or member of Plaintiff's graduating class." (Opposition Letter at 3)
    - "he does not explain how his ability to engage in those activities would be harmed without Columbia immediately investigating his report of a 2014 assault by a former, non-degree seeking student who is not an alumnus or member of Plaintiff's graduating class." (Opposition Letter at 3)

These statements are directly contradictory, with the private letter admitting Mr. Kachalia is an alumnus but not an active alumnus with an intention to participate in alumni activities, while the Opposition Letter falsely claims he is a former non-degree seeking student who is not an alumnus. For two weeks, Ms. Tenzer has remained unresponsive by email and phone to my requests for clarification of my alma mater's position or to provide a contact at the University who can confirm her statements to me directly, with authority to respond to my report in accordance with federal and university Title IX policy.

I highlight the portion of Columbia's Gender-Based Misconduct policy **(Exhibit 4)** that explicitly applies to alumni complainants. Ms. Tenzer's assertions to the contrary are intentional misrepresentations to this Court.

### III. Columbia's Conduct is Unreasonable and Unconstitutional

It has been more than 70 days since I reported the assault, and I have not received any communication from the Gender-Based Misconduct office at Columbia. Even by the standard cited by Columbia in its opposition (Hayut v. State Univ. of N.Y., 352 F.3d 733, 751 (2d Cir. 2003), their lengthy and unjustified delay, deliberate indifference and retaliatory conduct is unreasonable and unconstitutional. Further, that regulatory guidance cited is nearly one-quarter century old and is inapposite. Columbia's actions, including the delay in the investigation and the misrepresentations to the court, is an attempt to obstruct justice, deny me a fair and timely resolution, and protect an assailant who freely roams Columbia's campuses. This conduct is outrageous, particularly given Ms. Tenzer's 17 years of experience as an attorney. She should be well aware of her ethical obligations and the consequences of making misrepresentations to the court.

### IV. Impact on Claims

The presence of Mr. Kachalia on campus significantly impacts my claims of irreparable harm and the need for a timely investigation. Mr. Kachalia, who is currently pursuing a degree at Columbia University and actively involved in alumni activities, is the same individual who, in 2014, spiked my drink with a date rape drug and sexually assaulted me in my dormitory. This traumatic event, which I only recalled through extensive therapy, underscores the ongoing risk and potential for further harm to myself and other students on Columbia's campuses. Kachalia's presence on campus and Columbia's failure to investigate exacerbates my emotional distress and creates a chilling effect on other survivors who may be hesitant to come forward.

This situation is particularly egregious given that, following reports from dozens of students and parents, Columbia was previously investigated by the Department of Education's Office of Civil Rights in 2014 for similar failures in addressing gender-based misconduct. Despite this, Columbia has not taken adequate steps to ensure a safe environment for its students and alumni or follow federal law. The ongoing risk posed by Mr. Kachalia's presence on campus necessitates immediate action to protect me, current students and the broader university community. Therefore, an injunction from a United States federal court is necessary to ensure that Columbia takes the necessary steps to prevent further harm.

### V. Request for Relief

In light of the foregoing, I respectfully request that the Court:

1. **Acknowledge the Misrepresentation**: Formally recognize in the record that Columbia has made material misrepresentations to the Court.
2. **Adverse Inference**: Consider drawing an adverse inference against Columbia, recognizing that Mr. Kachalia's current enrollment status significantly impacts my claims of irreparable harm and the need for a timely investigation.
3. **Sanctions**: Impose appropriate sanctions on Columbia and/or its counsel, Ms. Tenzer, for their misconduct. Such sanctions may include monetary penalties, an order requiring Columbia to pay my legal fees and expenses incurred due to the misrepresentation, or any other relief the Court deems just and proper.

4. **Issue an Order:** Immediately issue an order for an injunction compelling the university to perform an intake and properly investigate my July 1, 2024 report, and to maintain oversight over the investigatory process until it is completed.

## VI. Federal Causes of Action

I plan to assert federal causes of action for Title IX failure to investigate, retaliation, deliberate indifference, and other relevant federal claims. Columbia's failure to investigate my report or even respond for two months, and their misrepresentations to the Court is a violation of public policy, federal and state law, and has exacerbated the harm I have suffered.

## VII. Request for Rule 26(f) Conference

Given the complexities and ongoing issues in this case, I request a Rule 26(f) conference to discuss the discovery plan and other critical aspects of the case. This conference will allow us to address several key issues:

- **Discovery Plan**: Develop a proposed discovery plan that includes the timing of written discovery, fact and expert discovery deadlines, and document production.
- **Preservation of Information**: Discuss any issues about preserving discoverable information, particularly electronically stored information.
- **Scope of Discovery**: Identify the subjects on which discovery may be needed and whether discovery should be conducted in phases or be limited to or focused on particular issues.
- **Due Process and Fairness Concerns**: Address any due process and fairness concerns related to the discovery process, ensuring that both parties have a fair opportunity to present their case.

Pursuant to Federal Rule of Civil Procedure 26(f), I request that the Court schedule this conference as soon as practicable, at least 21 days before any scheduling conference or the entry of a scheduling order under Rule 16(b).

## VIII. Strengthening the Argument for Irreparable Harm and Timely Investigation

The new information significantly bolsters my argument for irreparable harm and the need for a timely investigation in several ways:

1. **Ongoing Risk**: Knowing that the alleged perpetrator is currently a student on campus highlights the ongoing risk and potential for further harm. This creates a sense of urgency and underscores the need for immediate action to protect myself and potentially other students exposed to him.
2. **Emotional Distress**: The knowledge that the alleged perpetrator is actively present in the same environment where the assault occurred, and Columbia is actively protecting him, has exacerbated my emotional distress, anxiety, and fear particularly around engaging with alumni activities and continuing my work as a volunteer alumni interviewer and donor to Columbia College who has the right to attend alumni reunions and engage

   with my alma mater in its various alumni programming and activities without fear. This further supports my claim of irreparable harm, as these emotional impacts are difficult to quantify and compensate for financially.
3. **Chilling Effect**: The presence of an alleged perpetrator on campus can create a chilling effect, discouraging other survivors from coming forward and reporting their own experiences. Mr. Kachalia, now back at Columbia for a third time, is a hazard to the safety and well-being of other students. A prompt investigation is not only the law, it sends a message to students, parents and faculty that the university takes such allegations seriously and is committed to creating a safe environment for all students.

Respectfully,

/s/ John Doe

Plaintiff Pro Se