**HeckerFink LLP**

350 FIFTH AVENUE | 63ʳᴰ FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.HECKERFINK.COM

DIRECT DIAL     929.294.2536
DIRECT EMAIL    gtenzer@heckerfink.com

October 22, 2024

**VIA ECF**

The Honorable Dale E. Ho
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Doe v. Kachalia*, No. 23-cv-10395-DEH ("*Kachalia*"); *Doe v. Columbia University*, No. 23-cv-10393-DEH ("*Doe v. Columbia*") (related); *Doe v. Hunter*, No. 23-cv-10394-DEH (related)

Dear Judge Ho:

      As counsel to Defendant Trustees of Columbia University in the City of New York ("Columbia" or the "University"), I respectfully submit this letter to (1) correct a factual misstatement in a prior filing, and (2) in accordance with the Court's October 10, 2024 Order ("Order"), *Kachalia*, ECF 35, respond to Plaintiff's October 4, 2024 letter requesting sanctions ("Plaintiff's Letter"), *Doe v. Columbia*, ECF 49.

      ***Correction of a Factual Misstatement.*** In preparing this response to Plaintiff's Letter, I discovered an inadvertent factual misstatement in my August 16, 2024 letter to the Court. *Doe v. Columbia*, ECF 43 ("August 16 Letter"). Below, I address and correct that misstatement, for which I sincerely apologize to the Court and to Plaintiff.

      On August 5, 2024, Plaintiff submitted a letter to the Court seeking relief, including a preliminary injunction, in connection with a sexual assault complaint that he had filed with the University on July 1, 2024. *See Doe v. Columbia*, ECF 37. Pursuant to the Court's order, *id.*, ECF 38, I submitted a response to Plaintiff's August 5 letter on August 16, 2024. There, I described the person to whom Plaintiff's July 1, 2024 complaint to the University relates (a person who was also a defendant in one of Plaintiff's recently dismissed actions) as "a former, non-degree seeking student who is not an alumnus or member of Plaintiff's graduating class." Aug. 16 Ltr. at 2.

      That description in my August 16 Letter was incorrect, insofar as the individual at issue is an alumnus of Columbia Business School. To be clear, that is the only inaccuracy in the above statement. This individual is in fact a "former non-degree seeking student," since they previously attended a non-degree program at the University. Indeed, in his complaint, Plaintiff himself

Hecker Fink LLP

2

described this person as "on leave" from another institution and having "registered for a few classes at Columbia." *Kachalia*, ECF 1 ¶ 16. And the individual is not a member of Plaintiff's graduating class, since Plaintiff graduated from his undergraduate studies at the University in a different year than this individual graduated from Columbia Business School. *Id.* ¶ 12; *see* Pl.'s Ltr. at 35.

The description of this individual included in my August 16 Letter was based on my and my colleague's review of a pdf file attached to an email which we believed to reflect the person's complete Columbia academic transcript. When we clicked on the pdf file, a two-page academic transcript opened. The first page of the academic transcript reflected this person's attendance at one school within the University (not Columbia Business School), but it did not reflect that the person received a degree from that school. In fact, the academic transcript reflected that this person had been a candidate for a certificate, rather than a degree, which was not received. The second page of the same academic transcript reflected this same person's attendance at a second school within the University (also not Columbia Business School), but similarly did not reflect that the person received a degree from that school, but rather that they had withdrawn before receiving any degree. Having reviewed an academic transcript that included this person's attendance at not just one, but two different schools within the University, my colleague and I both assumed that it reflected this individual's entire academic record at the University. As a result, in my August 16 Letter, I represented that this individual was not an alumnus of the University.

In preparing to respond to Plaintiff's Letter, my colleague went back to look at the same pdf document and noticed, for the first time, that when this pdf file is opened, on the far lefthand side of the screen, there are two pdf "thumbnails," one appearing on top of the other, and that clicking on the bottom thumbnail pulls up a second, different pdf document. This second pdf document is the individual's Columbia Business School transcript, which shows that they received an MBA from Columbia Business School. Although I recall previously opening and reviewing the pdf transcript document (the one that does not reflect this individual's attendance at Columbia Business School) prior to the submission of my August 16 Letter, I do not recall ever noticing or reviewing the two pdf thumbnails to the left of the screen. Although I do not recall seeing the two pdf thumbnails, in retrospect, if I did see them at the time, I likely assumed that the two thumbnails represented the two pages of the academic transcript document that I was reviewing (again, the one that does not reflect this individual's attendance at Columbia Business School). My colleague and I each recall opening this pdf document and reviewing the two-page academic transcript document that does not reflect Columbia Business School attendance on multiple occasions prior to submitting my August 16 Letter, but neither of us recalls ever noticing the two pdf thumbnails on the far lefthand side of the screen and neither of us was aware of his business degree.

I sincerely regret this inadvertent oversight of the second academic transcript document and again apologize to the Court and Plaintiff for our ensuing misstatement. Until this oversight was recently brought to my attention, I was of the understanding and belief that this person was not a Columbia alumnus. As soon as this information was brought to my attention, I prepared this letter to correct the record with the Court. To the extent that I have made any similar unintentional misrepresentations to Plaintiff directly, *see* Pl.'s Ltr. at 2, 10-11, those will be addressed directly and promptly with Plaintiff, including with respect to Plaintiff's July 1, 2024 report to the

University's Gender Based Misconduct Office.[1] I also want to emphasize that the University properly provided my colleague and me with a complete academic record for this individual; my colleague and I simply mistakenly and unintentionally missed seeing a thumbnail within that pdf.[2]

\* \* \*

To address one further point concerning the representations that were made to the Court concerning this individual, Plaintiff insists that this person is "currently pursuing . . . a second bachelor's degree at the School of General Studies, with an expected graduation date of early 2025"; "has an active columbia.edu email address"; and "is registered as a student on Columbia's Morningside campus." Pl.'s Ltr. at 1. If the Court so requests, we are prepared to submit an Academic Certification from the University Registrar reflecting this individual's dates of attendance, which confirms that this person is not currently enrolled in any school at the University. The Academic Certification could be filed under seal with minimal redactions required under the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, along with a publicly filed version with additional redactions of the person's name and graduation year, consistent with the information being redacted in the relevant complaint, *see Kachalia*, ECF 40. As for having an "active columbia.edu email address," as is explained on Columbia's website and as Plaintiff himself may be familiar, "Columbia graduates of non-medical programs will be able to continue using their LionMail email account automatically. It will not expire." *Columbia University Information Technology*, Alumni Email, https://www.cuit.columbia.edu/email/alumni. Accordingly, having an "active columbia.edu email address" does not necessarily reflect that this person is a current Columbia student (which, again, this person is not).

**Sanctions Are Not Warranted.** While we regret the above-corrected factual misstatement, it was completely unintentional and an unfortunate oversight. Therefore, no sanctions are warranted. As this Court has acknowledged, "'[A]ny decision to impose sanctions' must be 'made with restraint and discretion.'" *Spin Master, Ltd. v. Aomore-US*, No. 23 Civ. 7099, 2024 WL 3030405, at \*16 (S.D.N.Y. June 17, 2024) (Ho, J.) (alteration in original) (quoting *In re Peters*, 642 F.3d 381, 384 (2d Cir. 2011)); *see also Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020) ("[T]he Supreme Court has made clear that courts should impose sanctions pursuant to their inherent authority only in rare circumstances."); *Anderson News, L.L.C. v. Am. Media, Inc.*, No. 09 Civ. 2227, 2013 WL 1746062, at \*4 (S.D.N.Y. Apr. 23, 2013) ("Because Rule 11 sanctions represent a drastic, extraordinary remedy, courts seldom issue them and then only as a (very) last resort." (citation omitted)). Moreover, sanctions require due process of law, and "[a]n attorney whom the court proposes to sanction must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to

---

[1] Although Plaintiff contends that the misstatement I made to him in response to his July 1, 2024 report that the individual at issue is not an "active alum" and the now-corrected misstatement I made in this proceeding that the individual is not an alumnus are "directly contradictory," Pl.'s Ltr. at 2, that is not the case. Rather, these two misstatements consistently reflect my mistaken belief at the time that the individual at issue had not received a degree from Columbia and was therefore not an alumnus or an "active alum" as that term is used in the University's Gender-Based Misconduct and Interim Title IX Policies and Procedures for Students.

[2] With over ten thousand graduates a year, the University had no reason to be familiar with this particular person's somewhat unique academic record (attending three different schools within the University) and so did not notice my and my colleague's error.

Hecker Fink LLP

4

be heard on that matter, and must be forewarned of the authority under which sanctions are being considered." *Wilson v. Citigroup, N.A.*, 702 F.3d 720, 725 (2d Cir. 2012) (quoting *Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997)). Those requirements have not been met here. *See* Pl.'s Ltr.; Order.

Imposing sanctions generally requires a finding of bad faith, which we respectfully submit is not present here. *See, e.g.*, *Yukos Cap. S.A.R.L.*, 977 F.3d at 235 ("[C]lear and convincing evidence of bad faith is a prerequisite to an award of sanctions under the court's inherent power."); *Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013) (*sua sponte* Rule 11 sanctions require "a finding of subjective bad faith")[3]; *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000) ("Bad faith is the touchstone of an award under [28 U.S.C. § 1927]." (quoting *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991))). Unlike the unintentional misstatement made here, the types of conduct that courts have found to constitute bad faith include "[r]esubmitting a motion that had previously been denied; bringing a motion based on 'facts' the opposite of which were previously found by the court; making several insupportable bias recusal motions and repeated motions to reargue; continually engaging in obfuscation of the issues, hyperbolism and groundless presumptions in addition to insinuating that the court was biased." *United States v. Prevezon Holdings, Ltd.*, 305 F. Supp. 3d 468, 483-84 (S.D.N.Y. 2018) (quoting *Keller v. Mobil Corp.*, 55 F.3d 94, 99 (2d Cir. 1995)); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 56-57 (1991) (affirming sanctions for a "sordid scheme of deliberate misuse of the judicial process designed to defeat [the other party's] claim by harassment, repeated and endless delay, mountainous expense and waste of financial resources" (quotation marks omitted)). By way of contrast, mistaken statements by counsel, without evidence of improper purpose, deliberate dishonesty, or other indicia of bad faith, have not been found to warrant sanctions. *See, e.g.*, *Centauri Shipping Ltd. v. W. Bulk Carriers KS*, 528 F. Supp. 2d 197, 201 (S.D.N.Y. 2007) (declining to impose sanction where record did not support finding of bad faith, despite false statements in affirmation); *see also Martin v. Giordano*, 185 F. Supp. 3d 339, 360 (E.D.N.Y. 2016) (declining to sanction attorney based on incorrect oral and written submissions to the court, where there was no evidence attorney knew or should have known of the falsity at the time of the submissions, nor any indication that the submissions were made for an improper purpose).

Indeed, in considering sanctions under its inherent authority, a court "should primarily focus on the *intent* of the potentially sanctionable conduct, not on its *effect*." *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 368 (2d Cir. 2021). Here, not only was there no malintent, but there was also no negative effect on or prejudice to Plaintiff. The issue of the individual in question's alumni status arose in the context of Plaintiff's request for a preliminary injunction. *See supra*. The Court denied that request as moot when it dismissed Plaintiff's federal claims for the unrelated reason that they are time barred, and then declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See Kachalia*, ECF 29 at 22-25, 28. Further, and perhaps even more importantly here, as the Court noted, Plaintiff's requests for the preliminary

---

[3] Plaintiff has not complied with the procedural requirements of Rule 11, which itself is sufficient basis to deny any such request by Plaintiff for sanctions. *Balderramo v. Go New York Tours Inc.*, 668 F. Supp. 3d 207, 234 (S.D.N.Y. 2023). Although Plaintiff previously filed the same letter seeking sanctions with the Court, *see Kachalia*, ECF 27, the Court dismissed Plaintiff's complaint the same day, *see id.*, ECF 29, and Plaintiff's request for sanctions was dismissed by the Court the very next day as moot, *see id.*, ECF 30.

Hecker Fink LLP

5

injunction and other relief related to his July 1, 2024 complaint to the University were not pleaded in any of Plaintiff's complaints. *Id.* at 26. Nonetheless, the error has now been corrected and should have no prejudicial effect on any future litigation by Plaintiff against the University.

* * *

Counsel sincerely regrets the error in our prior filing. We assure the Court and Plaintiff that we will exercise care to ensure that any such error does not recur, and we respectfully submit that this unintentional error, which has now been corrected, is not a basis for imposing any sanction.

Respectfully submitted,

Gabrielle E. Tenzer

cc:     Plaintiff John Doe (via ECF, mail & email)

## **AFFIRMATION OF SERVICE**

I, Gabrielle E. Tenzer, declare under penalty of perjury that on October 22, 2024, I caused to be served a copy of this Letter via electronic and physical mail to the following addresses:

John Doe
PO Box 209
Buffalo, NY 14215
jddoe591@gmail.com

Dated: October 22, 2024
New York, New York

By: _____
Gabrielle E. Tenzer
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
gtenzer@heckerfink.com

*Counsel for Defendant Trustees
of Columbia University in the
City of New York*