UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>                      Plaintiff,<br><br>v.<br><br>NEEL H. KACHALIA, et al.,<br><br>                      Defendants. | 23 Civ. 10395 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

Before the Court is a letter from *pro se* Plaintiff John Doe seeking "to bring to the Court's attention a serious matter concerning material misrepresentations" made by Defendant Columbia University ("the University") and its counsel, Gabrielle Tenzer ("Counsel"). *See* ECF No. 35. The Court construes the letter as a request for sanctions under the Court's inherent authority. *Id.* Also before the Court is a response from the University that (1) corrects a factual misstatement in an earlier filing and (2) responds to the request for sanctions. *See* ECF No. 42. For the reasons that follow, Plaintiff's request for sanctions is **DENIED**.

## BACKGROUND

In an Opinion and Order entered September 11, 2024, familiarity with which is presumed, the Court *sua sponte* dismissed the Complaints in this case and in two related cases, *John Doe v. Columbia*, No. 23 Civ. 10393, and *John Doe v. Hunter*, No. 23 Civ. 10394. *See* ECF No. 29. The facts relevant to this motion are as follows.

On August 5, 2024, Plaintiff filed a letter seeking a preliminary injunction against the University for failing to investigate a sexual assault complaint he had filed with the University's Gender-Based Misconduct Office on July 1, 2024. *See Columbia*, No. 23 Civ. 10393, ECF No. 37. In that letter, he stated that he wished to "attend [his] alumni reunions without fear." *Id.* at

1-2.  The University responded that Plaintiff had "not explain[ed] how his ability to engage in those activities would be harmed without Columbia immediately investigating his report of a 2014 assault by a former, non-degree seeking student who is not an alumnus or member of Plaintiff's graduating class." *Columbia*, No. 23 Civ. 10393, ECF No. 43 at 2.  On September 11, 2024, the Court ordered dismissal of all three related Complaints, primarily on statute of limitations grounds.  *See* ECF No. 29.  In light of that dismissal, the Court denied as moot Plaintiff's motion for preliminary injunction, noting that it sought relief that was "not pleaded in any of his Complaints." *Id.* at 26.

On October 4, 2024, Plaintiff filed a letter regarding what he described as "material misrepresentations made by Columbia University and its counsel . . . in their opposition to [his] motion for preliminary injunction." *Columbia*, No. 23 Civ. 10393, ECF No. 49 at 1.  He argues that the University's letter in opposition to his motion for preliminary injunction falsely asserted that the individual he accused of sexual assault is "a former, non-degree seeking student who is not an alumnus or member of Plaintiff's graduating class." *Id.*  Plaintiff asserts that, to the contrary, that individual is currently pursuing a degree at the University, has an active University email address, is registered as a student on the University's Morningside campus, and is a graduate of Columbia Business School.  *Id.*  Plaintiff further states that in private correspondence, Counsel informed him that the individual did not meet the definition of an active alumnus, a prerequisite to investigation under the University's Gender-Based Misconduct Policy.  *Id.*  But this, too, he says is false.  *Id.* at 1-2.  Accordingly, Plaintiff requests that the Court (1) formally recognize the University's "material misrepresentations," (2) consider "drawing an adverse inference" against the University, (3) impose sanctions on the University and/or its Counsel, to include monetary penalties, an award of legal fees, or other relief, and (4)

2

issue an injunction compelling the University to investigate his July 1, 2024 complaint. *Id.* at 3-4.

The Court entered an endorsement on the docket in this case directing the University to respond. *See* ECF No. 35. In response, Counsel filed a letter (1) correcting and apologizing for a factual misstatement in the preliminary injunction filing, and (2) arguing that sanctions are not warranted because the misstatement was inadvertent. ECF No. 42. First, Counsel explains that the description of the individual as "a former, non-degree seeking student who is not an alumnus or member of Plaintiff's graduating class" was "incorrect, insofar as the individual at issue is an alumnus of Columbia Business School." *Id.* at 1. The prior description, she explains, was based on her and a colleague's misreading of a PDF document, provided by the University, containing the individual's complete academic record. *Id.* at 2. In reviewing the document, Counsel and her colleague failed to notice a thumbnail that, if clicked, would have opened the individual's Columbia Business School record and confirmed that he is indeed an alumnus of that institution. *Id.* Counsel "sincerely regret[s] this inadvertent oversight" and "apologize[s] to the Court and Plaintiff for [the] ensuing misstatement." *Id.* at 2. To the extent there were similar misrepresentations in private correspondence, Counsel intends to address them "directly and promptly with Plaintiff, including with respect to Plaintiff's July 1, 2024 report to the University's Gender Based Misconduct Office." *Id.* at 2-3.

## LEGAL STANDARD

"A court may sanction a party under its inherent power to deter abuse of the judicial process and prevent a party from perpetrating a fraud on the court." *Yukos Cap. S.A.R.L. v.*

3

*Feldman*, 977 F.3d 216, 235 (2d Cir. 2020).[1] "[A] court's inherent power allows it to impose monetary sanctions against a litigant (or its counsel) for misconduct." *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 367 (2d Cir. 2021). But that power "must be exercised with restraint and discretion." *Id.* at 368 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). In particular, "[w]hen it comes to monetary sanctions," a court "should sanction only bad faith, vexatious, or wanton acts or actions otherwise undertaken for oppressive reasons." *Id.* "Sanctions for fraud are warranted if it is established by clear and convincing evidence that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate the action." *Yukos Cap. S.A.R.L.*, 977 F.3d at 235. Before imposing sanctions pursuant to their inherent authority, courts in this District consider

> (1) whether the misconduct was the product of intentional bad faith; (2) whether and to what extent the misconduct prejudiced the other party; (3) whether there is a pattern of misbehavior, rather than an isolated instance; (4) whether and when the misconduct was corrected; and (5) whether further misconduct is likely to continue in the future.

*Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18 Civ. 8188, 2022 WL 3646205, at *2 (S.D.N.Y. Aug. 24, 2022).

Before any motion for sanctions is granted, an attorney or party must receive "specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on the matter, and must be forewarned of the authority under which sanctions are being considered, and given a chance to defend . . . against specific

---

[1] Unless otherwise noted, when quoting judicial decisions, this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

charges." *Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997) (attorneys); *see also Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) (parties).

## DISCUSSION

Plaintiff seeks four forms of relief: (1) a formal recognition of the University's misrepresentation, (2) an adverse inference against the University, (3) monetary penalties and/or an award of legal fees, and (4) an injunction compelling the University to investigate the July 1, 2024 internal complaint. *See* ECF No. 35 at 3-4. As an initial matter, the Court denies as moot the second and fourth requests for relief because the Court has already dismissed this action and denied Plaintiff's motion for preliminary injunction. *See* ECF No. 29. There is therefore no live controversy in which to draw an adverse inference, and although Plaintiff contends that the misrepresentation was "material" to his motion for preliminary injunction, ECF No. 35 at 1, he provides no basis for the Court to reconsider its decision—particularly because the Court denied that motion not on its merits but based on mootness, after dismissing the Complaint on statute of limitations grounds, *see* ECF No. 29 at 26.

As for the first request for relief, the Court credits Counsel's assertion that the misrepresentation was inadvertent on the part of both Counsel and the University. *See* ECF No. 42 at 1-3 & 3 n.2. But the Court declines to address whether the misrepresentation was material because, as discussed above, the materiality of the statement is moot given the Court's prior dismissal of the Complaint and denial of the motion for preliminary injunction. For the same reason, in light of Counsel's acknowledgment of the error and apology to Plaintiff and the Court, the Court finds it unnecessary to request further information from the University regarding whether the individual is currently enrolled in any school at the University. *See id.* at 3.

5

Turning to Plaintiff's third request—monetary penalties and/or legal fees—the Court holds that such sanctions are unwarranted because there is no evidence of bad faith on the part of Counsel or the University. *See Int'l Techs. Mktg., Inc.*, 991 F.3d at 368. Moreover, there is no prejudice to Plaintiff given the dismissal of his Complaint on other grounds, and he has identified no pattern of misbehavior. *See Fischman*, 2022 WL 3646205, at *2. Finally, Counsel promptly corrected the misrepresentation when it was brought to her attention, and further misconduct is unlikely given that this action has been dismissed. *See id.*

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for sanctions is **DENIED**. Defendant Columbia University is directed to mail a copy of this Order to Plaintiff and to file proof of service on the docket.

SO ORDERED.

Dated: December 2, 2024

New York, New York

_____
DALE E. HO
United States District Judge