UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,
Plaintiff,

v.

COLUMBIA UNIVERSITY, et al.,
Defendants.

Case Nos. 23-cv-10393, 23-cv-10394, 23-cv-10395 (DEH)

MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e)

Plaintiff John Doe, proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend its January 3, 2025 judgment dismissing these cases. This motion is timely filed within 28 days of the judgment.

I. GROUNDS FOR RELIEF

The Court committed clear error by:
- Dismissing the cases without addressing Plaintiff's pending motion for clarification
- Failing to consider evidence of Columbia's material misrepresentations about Kachalia's status
- Not addressing Plaintiff's September 11, 2024 filings regarding service on Kachalia
- Setting an abbreviated amendment deadline before ruling on motion for clarification

The Court's actions resulted in manifest injustice by:
- Protecting an alleged rapist through procedural maneuvers
- Allowing Columbia to shield Kachalia from service for over 10 months
- Denying Plaintiff meaningful opportunity to amend complaints
- Ignoring evidence of Columbia's ongoing misrepresentations

II. LEGAL STANDARD

Rule 59(e) allows courts to "rectify [their] own mistakes in the period immediately following" judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Relief is warranted for clear errors of law, newly discovered evidence, or manifest injustice. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

III. ARGUMENT

A. The Court's Failure to Address Service and Docketing Issues Constitutes Clear Error

1. Timeline of Service and Docketing Failures:
- September 11, 2024 at 5:41 AM: Plaintiff submitted urgent request for U.S. Marshals service on Kachalia and emailed chambers
- September 11, 2024 at 7:45 AM: Plaintiff submitted follow-up email regarding Columbia's misrepresentations about Kachalia's status
- September 11, 2024: Court issued dismissal order without acknowledging these submissions
- Court never docketed or addressed request for U.S. Marshals service despite multiple emails to chambers
- Pro Se Office failed to docket September 11 filings until weeks later after multiple resubmissions

This pattern of docketing failures violated Plaintiff's due process rights. See *Boddie v. Connecticut*, 401 U.S. 371, 377 (1971) (holding due process requires meaningful access to courts). The Court's failure to ensure proper docketing and service constitutes clear error warranting relief. See *McCrary v. Stifel, Nicolaus & Co.*, 687 F. App'x 60, 62 (2d Cir. 2017) (clerical errors causing prejudice may warrant vacatur); *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (finding due process violation where court failed to address pro se litigant's filings).

B. Columbia's Material Misrepresentations About Kachalia's Status

Columbia falsely claimed Kachalia was "not a current student" and had "no affiliation" with Columbia, when evidence shows he is currently enrolled pursuing a second bachelor's degree with expected graduation in 2025. See Columbia Alumni Directory (showing "25GS" designation); CBSACNY Event Registration (showing Kachalia's attendance at June 13, 2024 alumni event) [ECF 35 in *Doe v. Kachalia*].

These misrepresentations materially affected the Court's analysis and warrant relief under Rule 59(e). See *Schultz v. Butcher*, 24 F.3d 626, 631 (4th Cir. 1994) (court may grant relief based on evidence contradicting party's representations); *Ajlani v. Chertoff*, 545 F.3d 229, 239 (2d Cir. 2008) (finding that a court's reliance on misrepresentations constitutes an "error of fact" justifying Rule 59(e) relief).

C. Denial of Meaningful Opportunity to Amend

The Court's abbreviated amendment deadline, set before fully ruling on the motion for clarification, denied Plaintiff meaningful opportunity to amend. Courts must provide pro se plaintiffs "at least one opportunity to amend" before dismissal. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). Setting a deadline that expired before addressing Plaintiff's request for guidance violated this principle.

D. Manifest Injustice in Protecting Alleged Rapist

The Court's actions effectively shielded an alleged rapist from service and accountability. Columbia's own policy requires investigation of sexual assault claims involving current students or active alumni. The evidence shows Kachalia meets both criteria, yet Columbia misrepresented his status to avoid its obligations. Such gamesmanship should not be rewarded. See *Chambers v. NASCO*, Inc., 501 U.S. 32, 46 (1991) (courts have inherent power to prevent abuse of judicial process). Despite granting Plaintiff's IFP application, the Court never ordered or effected service on Plaintiffs' assailants. The Court denied Plaintiff's requests for appointment of pro bono counsel multiple times and/or failed to respond to such requests, despite Plaintiff's pro se status and the complexity of the cases. See *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986) (outlining factors for appointing counsel for indigent litigants).

The Court has the authority to direct the U.S. Marshals to serve a defendant when a plaintiff is unable to effect service due to circumstances beyond their control. See Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."); *Ruddock v. Reno*, 104 F.3d 354, 356 (2d Cir. 1996) (affirming district court's order directing U.S. Marshals to effect service where plaintiff faced obstacles in serving defendant).

The Court's failure to order service, despite granting IFP status and receiving multiple requests, violates the plaintiff's rights and impedes the progression of the case. This failure to effect service allowed Columbia University to shield Kachalia from accountability for over 12 months (see ECF 13 in *Doe v. Kachalia*, ordering Columbia to provide Kachalia's service address on 1/09/24, **more than one year ago**).

E. Failure to Meaningfully Address Motion for Clarification

The Court's November 22, 2024, text order failed to address the substantive arguments regarding mutual mistake, equitable tolling, and Columbia's misrepresentations raised in Plaintiff's detailed motion for clarification [ECF 61]. This four-sentence cursory response denied Plaintiff meaningful guidance needed to amend the complaints. See *Ceara v. Deaconess Med. Ctr.*, 133 F.3d 91, 93 (1st Cir. 1998) (courts must provide pro se litigants with "specific and clear" instructions on how to cure pleading deficiencies); *Salahuddin v. Cuomo*, 861 F.2d 40 (2d Cir. 1988) (pro se litigants must have notice of deficiencies and opportunity to amend). Moreover, the Court's dismissal order and subsequent text order completely ignored several critical legal issues raised throughout the case, including:

- The applicability of the continuing violation doctrine to Title IX claims;
- The legal standard for rescission of settlement agreements based on mutual mistake;
- The relevance of Columbia's material misrepresentations about Kachalia's status;
- The due process implications of *sua sponte* dismissal before service of process, especially given the Court's reliance on potentially inaccurate information. See *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (highlighting due process concerns with *sua sponte* dismissals of pro se complaints before service).

By failing to address these key legal arguments, the Court deprived Plaintiff of the opportunity to meaningfully amend the complaints to cure any perceived deficiencies. This failure is particularly egregious given Plaintiff's pro se status and the complex nature of the legal issues involved. See *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (submissions of pro se litigants must be construed liberally).

F. Improper Abbreviated Amendment Timeline

The Court set a December 20, 2024 amendment deadline before fully ruling on the motion for clarification. This compressed timeline denied Plaintiff the full 30-day period contemplated by the Federal Rules and prevented meaningful opportunity to amend. See *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (requiring reasonable deadlines for pro se litigants). In the alternative, if the Court finds that Plaintiff failed to file an amended complaint within the deadline, such failure should be excused under Rule 60(b)(1) as mistake or excusable neglect. See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (setting forth factors for excusable neglect, including prejudice, length of delay, reason for delay, and whether movant acted in good faith). Here, any delay was caused by the Court's failure to meaningfully address Plaintiff's motion for clarification, denial of pro bono counsel, and the abbreviated timeline that did not allow for proper consideration of complex legal issues.

IV. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:
1. Vacate its January 3, 2025 dismissal order
2. Address Plaintiff's pending motion for clarification
3. Order Columbia to provide accurate information regarding Kachalia's status
4. Direct U.S. Marshals to effect service on Kachalia
5. Set reasonable deadlines for amended complaints after ruling on clarification motion
6. Grant such other relief as the Court deems just and proper

Respectfully submitted,

/s/ John Doe
John Doe
Plaintiff Pro Se

Dated: January 20, 2025
New York, New York

---

The Court is in receipt of Plaintiff's Motion to Amend the Judgment under Rule 59(e), filed at ECF No. 64 in No. 23 Civ. 10393, ECF No. 32 in No. 23 Civ. 10394, and ECF No. 49 in No. 23 Civ. 10395. The Court is also in receipt of Defendant Columbia University's opposition (ECF Nos. 65, 33, and 50) and Plaintiff's reply (ECF Nos. 66, 34, and 51).

Having considered the parties' arguments, the Court **DENIES** the motion to amend the judgment. Plaintiff appears to be "relitigating old issues" that the Court has already addressed. *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). He has not pointed to any "intervening change of controlling law," "availability of new evidence," or "need to correct a clear error or prevent manifest injustice," as required for the Court to grant a Rule 59(e) motion. *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020). Plaintiff has therefore not met the "strict" standard for reconsideration, *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The Clerk of Court is respectfully requested to terminate ECF No. 64 in No. 23 Civ. 10393, ECF No. 32 in No. 23 Civ. 10394, and ECF No. 49 in No. 23 Civ. 10395, and to mail this order to Plaintiff. SO ORDERED.

Dale E. Ho    Dated: February 28, 2025
United States District Judge    New York, New York